**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RICHARD DONALD LAWLER, #54271**                         **PETITIONER**

**VERSUS**                       **CIVIL ACTION NO. 1:06cv1062LG-JMR**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, et al.**        **RESPONDENTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner Richard Donald Lawler, an inmate of the Mississippi Department of Corrections, currently incarcerated at the South Mississippi Correctional Institute, Leakesville, Mississippi, filed this petition for habeas corpus relief.  On November 2, 2006, the Petitioner was ordered to file an amended petition in the form and manner prescribed by the *Rules Governing Section 2254 Proceedings for the United States District Courts*.  In the Petitioner's response [6], he states that he is pursuing this petition for habeas relief pursuant to 28 U.S.C. § 2241 and § 2243, but not § 2254.  The Petitioner goes on to state that his "motion speaks for itself about the constitutional violations against me." *Resp*. [6].  As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed the Petitioner's allegations and has reached the following conclusions.

The Petitioner was convicted of fondling a child, grand larceny and embezzlement in the Circuit Court of Harrison County, Mississippi on March 4, 1999.  Thereafter, Petitioner was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections.

The Petitioner contends that he is entitled to habeas relief because he has suffered intimidation, retaliation and coercion during his incarceration, which has violated his constitutional rights.  Specifically, the Petitioner alleges that he has been the victim of blackmail

and extortion by a prison employee.  The Petitioner asserts that because of this prison employee's actions he is entitled to release from custody.

The writ of habeas corpus is the appropriate legal vehicle for a state prisoner challenging the fact or duration of his confinement, not the conditions thereof. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  The United States Supreme Court has stated "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Id*.  In order for the Petitioner to receive habeas relief under § 2241 or § 2254, he must establish that his custody is in violation of the Constitution or laws or treaties of the United States.  In the event that Petitioner seeks challenge the conditions of his confinement, he can seek redress pursuant to 42 U.S.C. § 1983 by filing an appropriate civil action.

The Petitioner is not challenging his criminal convictions for fondling a child, grand larceny or embezzlement.  Nor is the Petitioner challenging the terms of imprisonment that resulted from these criminal convictions.  Rather, the Petitioner maintains that he is entitled to release from custody because he was subjected to blackmail and extortion during his incarceration.  The Court finds the Petitioner's claims for habeas relief to be frivolous.  Accordingly, this petition will be summarily dismissed.

A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 24th day of January, 2007.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE